**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT WILLIAMS, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| KALEYRA, INC., AVI S. KATZ, DARIO | ) **FEDERAL SECURITIES LAWS** |
| CALOGERO, EMILIO HIRSCH, MATTEO | ) |
| LODRINI, JOHN J. MIKULSKY, KATHLEEN | ) **JURY TRIAL DEMANDED** |
| MILLER, NEIL MIOTTO, and KARIN-JOYCE | ) |
| TJON, | ) |
| Defendants. | ) |

Plaintiff Robert Williams ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Kaleyra Inc. ("Kaleyra" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Tata Communications Limited. ("Tata Communications").[1]

2. On June 28, 2023, Kaleyra entered into an Agreement and Plan of Merger (the

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

"Merger Agreement") with Tata Communications and Tata Communications' wholly owned subsidiary TC Delaware Technologies Inc. ("Merger Sub"). The Merger Agreement provides that Kaleyra stockholders will receive $7.25 in cash per share of Company common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the August 18, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for September 28, 2023.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Kaleyra common stock.

10. Defendant Kaleyra is a Delaware corporation with its principal executive offices located at 85 Broad Street, New York, NY 10004. Kaleyra's shares trade on the New York Stock Exchange under the ticker symbol "KLR." Kaleyra, through its subsidiaries, provides mobile communication services to financial institutions and enterprises worldwide. The Company provides cloud communications platforms, which manages multi-channel integrated communications services including inbound/outbound messaging solutions, programmable voice and interactive voice response configurations, hosted telephone numbers, conversational marketing solutions, rich communication services, and other IP communications, such as e-mail, push notifications, video/audio/chat, and WhatsApp services. Kaleyra also enables its customers and business partners to connect enterprise software and applications to mobile network operators through application programming interfaces. In addition, the Company

offers an extensive set of no-coding cloud-based visual interfaces to program communications to customers across multiple channels.

11. Defendant Avi S. Katz is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Dario Calogero has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant Emilio Hirsch is and has been a director of the Company at all times relevant hereto.

14. Defendant Matteo Lodrini is and has been a director of the Company at all times relevant hereto.

15. Defendant John J. Mikulsky is and has been a director of the Company at all times relevant hereto.

16. Defendant Kathleen Mille is and has been a director of the Company at all times relevant hereto.

17. Defendant Neil Miotto is and has been a director of the Company at all times relevant hereto.

18. Defendant Karin-Joyce Tjon is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On June 28, 2023, Tata Communications and the Company jointly announced in relevant part:

> NEW YORK and MUMBAI, India, June 28, 2023 /PRNewswire/ -- Tata Communications, a global digital ecosystem enabler, today announces it has entered into a definitive agreement through Tata Communications Limited to acquire Kaleyra, Inc. (NYSE: KLR) to empower global enterprises to offer personalised experiences to their customers. Kaleyra is a global omnichannel integrated communication services provider with a set of proprietary platforms, offering targeted personalisation through messaging, video, push notifications, e-mail and voice-based services, and chatbots.
>
> With this transaction, Tata Communications will gain an industry-proven platform with strong capabilities and scale. Kaleyra brings a stronghold in the business communications market in banking and financial services, retail and digital commerce industries across global markets, in addition to a strong team with expertise in technology, engineering and research & development. Tata Communications will also benefit from Tier 1 carrier connections in the US, ready connectors to third party platforms, and video services without the need for additional software plugins.
>
> The resulting business will leverage Tata Communications large base of enterprise customers worldwide including 300 of the Fortune 500 companies, extensive mobile network operator (MNO) connections and global expansion opportunities. It will benefit from the global digital ecosystem enabler that powers today's fast-growing digital economy in more than 190 countries and territories.
>
> Under the terms of the agreement, Tata Communications has agreed to acquire Kaleyra, Inc. in a cash only transaction, at a price per share of USD $7.25 for a total consideration to Kaleyra shareholders of approximately USD 100 million and the assumption of all outstanding debt. This transaction has been unanimously approved by the Boards of Directors of both Tata Communications and Kaleyra. Consummation of the deal is subject to approval by Kaleyra's stockholders, certain regulatory approvals and other customary closing conditions. Upon closing of the transaction, expected in six to nine months, Kaleyra Inc. will become a subsidiary of Tata Communications Limited. For the full year ended 31st December 2022, Kaleyra reported revenue of USD 339.2 million (USD 353.3 million in constant currency), an increase of 26.7% compared to the full year 2021 (32.0% increase in constant currency).

"With this investment in Kaleyra, we will accelerate our push into the customer interactions platform market and fortify our global CommTech position," said **A.S. Lakshminarayanan, MD and CEO, Tata Communications**. "We are excited about Kaleyra's remarkable talent and their demonstrated capabilities in next-gen technologies. With this acquisition, we will further build intelligent, intuitive and innovative multi-channel communication solutions to unlock new growth opportunities for our customers."

Commenting on the acquisition, **Mysore Madhusudhan, Executive Vice President, Collaboration and Connected Solutions, Tata Communications** added, "As we further our position in the industry 4.0 world, we are committed to offering heightened targeted communications solutions for enterprises and their customers. We are confident our combined forces with Kaleyra will forge the path for the next wave of intelligence in enterprise communications globally."

**Dario Calogero, Founder and the CEO of Kaleyra** said, "When we launched Kaleyra 24 years ago with my co-founder Simone Fubini, I could hardly envision that our voyage would take us from a small Italian startup, to global expansion, a publicly listed NYSE company, and now working together with a great technology leader like Tata Communications. This is a great day for Kaleyra and our shareholders, and our employees worldwide."

**Dr. Avi Katz, the Chairman of the Board of Directors of Kaleyra**, commented, "I am very pleased with today's outcome, fruits of the dedicated and professional work of the Kaleyra team. It's been a privilege to be part of the Kaleyra team since the onset of their public listing journey in late 2019, and through the follow up significant funding of the company and its meaningful strategic extensions through GigCapital. This transaction represents a significant premium to the last closing share price and delivers significant value creation to all Kaleyra stakeholders. We are excited about the next chapter of the Kaleyra journey, being an essential part of the Tata Communications enterprise."

**Advisors**

Lazard Frères & Co. LLC is serving as Tata Communications' financial advisor and Goodwin Procter LLP is serving as Tata Communications' legal counsel. Willkie Farr & Gallagher LLP is serving as Kaleyra's legal counsel.

**The Materially Incomplete and Misleading Proxy Statement**

21.     The Board caused to be filed the materially incomplete and misleading Proxy

6

Statement with the SEC on August 18, 2023  The Proxy Statement, which recommends that Kaleyra stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Northland Securities, Inc. ("Northland"); and (c) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for Kaleyra*

22.    The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the unlevered, after-tax free cash flows that the Company was forecasted to generate during the calendar years ending December 31, 2023, through December 31, 2028.

23.    The Proxy Statement also fails to disclose the unlevered free cash flows forecasted by Company management for calendar years 2023 through 2028 and their underlying line items.

24.    The Proxy Statement further fails to disclose the Company's projected Revenue, Gross Profit and Net Income (Loss) for calendar years 2026 through 2028 or the line items underlying Kaleyra's Adjusted EBITDA.

*Material Misrepresentations and/or Omissions Concerning Northland's Financial Analyses*

25.    The Proxy Statement fails to disclose material information concerning Northland's financial analyses.

26.    With respect to the *Discounted Cash Flow Analysis* performed by Northland, the Proxy Statement fails to disclose the Company's terminal values, as well as the unlevered free cash flows used by Northland in connection with the analysis.

27. With respect to *Selected Public Companies Analysis* and *Selected Precedent Transactions* analysis, each performed by Northland, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

28. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether any of the standstill agreements entered into by the Company during the process leading to the Merger Agreement include "don't ask, don't waive" standstill provisions currently precluding any party from submitting a topping bid for the Company.

29. The omission of the above-referenced information renders statements in the "Unaudited Prospective Financial Information," "Fairness Opinion of Northland Securities, Inc.," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Kaleyra**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Kaleyra is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

### COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Kaleyra within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Kaleyra and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the

Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable

allowance for Plaintiff's attorneys' and experts' fees; and

    E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  August 30, 2023       **LONG LAW, LLC**

              By: */s/ Brian D. Long*
                Brian D. Long (#4347)
                3828 Kennett Pike, Suite 208
                Wilmington, DE 19807
                Telephone: (302) 729-9100
                Email: BDLong@LongLawDE.com

                *Attorneys for Plaintiff*